UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

In re:                                                                                            Case No. 07-13408
      RUDOLPH P. PRISCO,                                                             Chapter 7

                               Debtor.
-------------------------------------------------------------

APPEARANCES:

RUDOLPH P. PRISCO, *Pro Se*
*Debtor*
19 Manchester Dr.
Clifton Park, NY 12065

HOGAN LOVELLS US LLP                              Nichole E. Schiavo, Esq.
*Attorneys for Wells Fargo Bank, N.A. as servicer*
*for U.S. Bank as Trustee for MASTR Asset-Backed*
*Securities Trust 2005-AB1 Assignee of Wells Fargo*
*Bank, N.A.*
875 Third Avenue
New York, NY 10022

Robert E. Littlefield, Jr., United States Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

Currently before the Court is the Debtor's Motion to Reconsider and/or Amend the Court's Memorandum-Decision and Order denying the Debtor's Amended Motion for Sanctions for Violation of the Discharge Injunction. The Court has jurisdiction over this core matter pursuant to 28 U.S.C. § 157(a), (b)(1), (b)(2)(A).

## PROCEDURAL HISTORY

On August 14, 2017, the Court rendered its decision on the Debtor's Amended Motion for Sanctions for Violation of the Discharge Injunction (the "Amended Motion"). (ECF No. 356.) On

1

August 25, 2017, the Debtor filed this Motion to Reconsider.[1] (ECF No. 358.) On September 12, 2017, Wells Fargo Bank, N.A. as servicer for U.S. Bank as Trustee for MASTR Asset-Backed Securities Trust 2005-AB1, filed a letter response through its counsel Hogan Lovells US LLP. (ECF No. 362.) On September 18, 2017, the Court notified the parties that oral argument was not necessary and that this motion would be decided on submission. (ECF No. 363.)

## STANDARD

Motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9023, are treated as motions to reconsider. *See Bace v. Babitt (In re Bace)*, 2012 U.S. Dist. LEXIS 92441 at *35 (S.D.N.Y. May 10, 2012). While Rule 59 does not specify the standard for such motions, courts have held that "[r]econsideration 'is merited when there has been a clear error or manifest injustice in an order of the court or if newly discovered evidence is unearthed.'" *Id.* (quoting *Key Mech. Inc. v. BDC 56 LLC*, 2002 U.S. Dist. LEXIS 5005 at *2-3 (S.D.N.Y. Mar. 26, 2002)). The moving party "must show that the court overlooked factual matters or controlling precedent that might have materially influenced its earlier decision." *Bace*, 2012 U.S. Dist. LEXIS 92441 at *35.

## ARGUMENTS

While not entirely clear, the Debtor seems to advance four main arguments as to why the Court should reconsider its prior decision. First, the Debtor argues that the Amended Motion was not properly opposed. Second, the Debtor alleges that the Court should have recited that the Debtor had completed his plan prior to the Court converting his case to chapter 7. Third, the Debtor argues that the Court's decision should have indicated that the loan at issue was obtained from Wells

---

[1] While the Debtor does not specify under what provision of the Federal Rules of Civil Procedure he is moving, the Court assumes that the Debtor has made this motion pursuant to Federal Rule of Civil Procedure 59, made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 9023.

2

Fargo Bank, N.A., and not U.S. Bank as Trustee for MASTR Asset-Backed Securities Trust 2005-AB1 (the "Trust"). Fourth, the Debtor argues that the Court should have analyzed the applicability of 11 U.S.C. § 524(j).

In response, Wells Fargo Bank argues that the Debtor has not provided the Court with any basis to reconsider its prior decision. Specifically, Wells Fargo explains that it was the proper party to oppose the Debtor's Amended Motion and that it did so timely.[2]

## DISCUSSION

I.   <u>The Motion was Properly Opposed</u>

Although it is difficult to discern, it appears that the Debtor argues that Wells Fargo Bank, N.A., did not properly oppose the Debtor's Motion for Sanctions because its appearance was only effective on behalf of the Trust, and, therefore, the Court should have granted the Debtor's Amended Motion against Wells Fargo Bank, N.A. However, as explained in the response to the Debtor's Amended Motion, Wells Fargo Bank, N.A., in its capacity as servicer for U.S. Bank as Trustee for MASTR Asset-Backed Securities Trust 2005-AB1 Assignee of Wells Fargo Bank, N.A., has been appearing in this case since as early has 2011. Wells Fargo Bank, N.A., through its counsel, Hogan Lovells US LLP, filed a Memorandum of Law in Opposition to Debtor's Amended Motion for Violations of the Discharge Injunction (ECF No. 349) and a Declaration in Support of Opposition to Debtors Amended Motion for Violations of the Discharge Injunction (ECF No. 350) on February 24, 2017. In these submissions, Wells Fargo opposed each and every alleged violation of the discharge injunction. These arguments were sufficiently and properly

---

[2] "Indeed, all of the alleged acts Prisco complained of in the motion for sanctions were undertaken by Wells Fargo in its capacity as servicer (i.e.: sending informational mortgage statements and insurance information and commencing and prosecuting the foreclosure action)." (ECF No. 362.)

3

raised for the Court's consideration. After due consideration of all the arguments, the Court ruled against the Debtor.

Even if the Debtor is correct that Wells Fargo, despite filing papers in opposition to the Amended Motion, did not properly contest the allegations against it, reconsideration is not warranted as the Court must still "'find merit to [a] motion'" even if it goes unopposed. *In re NJ Affordable Homes Corp.*, 2006 Bankr. LEXIS 4498 at *29-30 (Bankr. D.N.J. June 29, 2006) (quoting *Nunez v. Nunez (In re Nunez)*, 196 B.R. 150, 156 (Bap. 9th Cir. 1996)); *see also In re Franklin*, 210 B.R. 560, 562 (Bankr. N.D.Ill. 1997). It is within the discretion of a Bankruptcy Court to deny a motion where no opposition is received. *See Silver v. ResCap Borrower Claims Trust (In re Residential Capital, LLC)*, 2016 U.S. Dist. LEXIS 37138 at *17 (S.D.N.Y. March 22, 2016). In this case, the court analyzed every alleged violation of the discharge injunction and found no such violations. Therefore, reconsideration is not warranted on this ground.

II.    Chapter 13 Plan

The Debtor seems to argue that the Court should reconsider its decision because, by failing to recite that the Debtor's plan was completed prior to conversion, the Court has precluded the Debtor from raising certain arguments in the state court foreclosure action. The effect that completion of his chapter 13 plan payments may have on the foreclosure action, if any, remains the same regardless of whether the Court refers to that fact in its decision. Additionally, the procedural history leading to the Court's order granting him a discharge under 11 U.S.C. § 727 is of no consequence to the question that was before the Court. The Debtor sought sanctions for violations of the discharge injunction. In its decision, the Court considered the relevant facts, including the Debtor's discharge and the alleged actions taken post-discharge. Moreover, the Court need not recite the entirety of the docket, as it speaks for itself. The status of the Debtor's

chapter 13 plan is irrelevant to the question at hand and, therefore, there is no need to revisit the prior decision on this ground.

    III.    <u>The Mortgage was Obtained from Wells Fargo Bank, N.A.</u>

The parties are correct that the Debtor obtained the mortgage loan at issue from Wells Fargo Bank, N.A. However, reconsideration is not warranted because the entity from which the Debtor obtained the mortgage is not relevant to the Court's decision on the Debtor's Amended Motion. Relevant for the Court's decision was the Trust's status as a lien holder on the Debtor's principal residence. The Debtor commenced an adversary proceeding in 2009 challenging the validity, priority, or extent of the Trust's lien. (Adv. Pro. 09-90083.) On the Defendant's motion, the Court entered an order dismissing the Debtor's complaint on September 7, 2011. (Adv. Pro. 09-90083; ECF No. 96.) The Debtor unsuccessfully appealed this Court's order. (Adv. Pro. 09-90083; ECF No. 110.) Therefore, which bank issued the mortgage is immaterial to the question of whether the discharge injunction was violated here, as the validity of the creditor's security interest has previously been adjudicated. For these reasons, there is no basis upon which to reconsider the Court's prior decision.

    IV.    <u>Safe Harbor Provision</u>

The Debtor claims that this Court erred by not analyzing the applicability of 11 U.S.C. § 524(j). The Debtor argues that had the Court analyzed § 524(j), the Court would have found that it did not apply and, therefore, would have held in the Debtor's favor as to all of the alleged violations of the discharge injunction. However, the Debtor is incorrect. A determination that § 524(j) does not apply does not equate to a determination that a creditor violated the discharge injunction. Commonly known as the safe harbor provision, § 524(j) provides "a specific exception to the discharge injunction for creditors who hold claims secured by a debtor's principal residence . . . ." *Manning v. CitiMortgage, Inc. (In re Manning)*, 505 B.R. 383, 387 (Bankr. D.N.H. 2014).

5

However, if the exception does not apply, "the creditor remains subject to 11 U.S.C. § 524(a)(2)'s discharge injunction." *See Best v. Nationstar Mortg. LLC (In re Best)*, 540 B.R. 1, 11 (B.A.P. 1st Cir. 2015).

In the present matter, the Court analyzed each alleged violation as if the safe harbor exception did not apply and the creditor was subject to the § 524(a)(2) discharge injunction. Nevertheless, the Court found no violations of the discharge injunction and, therefore, denied the Debtor's Amended Motion. As a result, the Court's decision would have remained the same regardless of whether § 524(j) applied. Therefore, reconsideration is not appropriate on this basis.

## CONCLUSION

For all of the foregoing reasons, the Debtor's Motion to Reconsider is DENIED.

It is SO ORDERED.

Dated: February 8, 2018                           /s/ Robert E. Littlefield, Jr.
       Albany, New York                           Robert E. Littlefield, Jr.
                                                         United States Bankruptcy Judge